AO 440  (Rev. 8/01)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN  District of  CALIFORNIA

DENNIS MURPHY

**SUMMONS IN A CIVIL CASE**

V.

UNITED STATES OF AMERICA, DOLORES MURPHY

CASE NUMBER: **C 07 0094**

JSW

TO: (Name and address of Defendant)

UNITED STATES OF AMERICA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey A. Milman
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
450 Newport Center Drive
Suite 200
Newport Beach, CA  92660
(949) 640-8222
(949) 640-8294
jmilman@lopez-hodes.com

an answer to the complaint which is served on you with this summons, within  20  days  after  service of this summons on you, exclusive of the day of service. If you fail  to  do so, judgment by default  will be taken against you for the relief demanded  in  the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

_____
CLERK

DATE   JAN 5 2007

_____
(By) DEPUTY CLERK

ANNA SPRINKLES

2002 © American LegalNet, Inc.

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
  discretion then residing therein.

  Name of person with whom the summons and complaint were _____

☐ Returned _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                     Date                                *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

2002 © American LegalNet, Inc.

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Dennis Murphy

**DEFENDANTS**
United States of America, Dolores Murphy

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Mateo, Alameda, Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey A. Milman, SBN 99072
Lopez, Hodes, Restaino, Milman & Skikos
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
(949) 640-8222

ATTORNEYS (IF KNOWN)
Unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab- Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab –Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Federal Tort Claims Act of 1948 28 U.S.C. 1346(b), 2671

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23

DEMAND$

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

American LegalNet, Inc.
www.USCourtForms.com

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3**
**(PLACE AND "X" IN ONE BOX ONLY)**    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE December    SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.USCourtForms.com

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.USCourtForms.com

1   Jeffrey A. Milman, SBN 99072
2   **LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
    450 Newport Center Drive, Second Floor
3   Newport Beach, CA 92660
    Tel:    (949) 640-8222
4   Fax:    (949) 640-8294
    Email: jmilman@lopez-hodes.com

    ORIGINAL
    F I L E D

    JAN - 5 2007

5   Jeanne Anne Steffin, SBN 49437
6   **LAW OFFICES OF JEANNE ANNE STEFFIN**
    626 North Garfield Avenue, Suite A
7   Alhambra, CA 91801-1448
    Tel:    (626) 235-1173
8   Fax:    (888) 536-7833
    Email: jsteffin@steffin.com

    RICHARD W. WIEKING
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA

9
10  Attorneys for Plaintiff,
    DENNIS MURPHY
11

12              IN THE UNITED STATES DISTRICT COURT
13          FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                  C 07 0094
15  DENNIS MURPHY,                    )  Case No.:
                                      )
16                      Plaintiff,    )
                                      )  **COMPLAINT FOR PERSONAL**
17      v.                            )  **INJURIES DUE TO MEDICAL**
                                      )  **NEGLIGENCE**
18                                    )
19  UNITED STATES OF AMERICA,         )
    DOLORES MURPHY,                   )
20                                    )
21                      Defendant.    )
22  _____

23      Plaintiff, DENNIS MURPHY, and for his first cause of action against Defendant
24  alleges as follows:
25                  **FIRST CAUSE OF ACTION**
26                      (Negligence)
27      1.    This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982,
28  28 U.S.C. 1346(b), 2671, et seq.

                                   1

2.  Pursuant to 28 U.S.C. 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, Plaintiff, DENNIS MURPHY, is bringing this suit based upon improper medical services he underwent at the Veterans Administration Hospitals in Livermore, Palo Alto, and Menlo Park. Therefore, venue is proper in the Northern District of California.

3.  On May 16, 2006, an Administrative Tort Claim for damages for personal injury was filed on behalf of DENNIS MURPHY, pursuant to 28 United States Code Section 2401 and 28 United States Code Section 2671 through 2680. Said Tort Claims arose from acts or omissions which occurred at the Veterans Affairs Medical Centers, Livermore, Palo Alto, and Menlo Park California, in approximately January and February 2005. Attached as Exhibit "1" is Plaintiff DENNIS MURPHY's original claim.

4.  The Department of Veterans Affairs has not yet denied the claim. Plaintiff now files the instant Complaint.

5.  Defendant, DOLORES MURPHY, is joined herein as a nominal defendant because of non-consent to joinder as a party plaintiff. Defendant, DOLORES MURPHY is the spouse of Plaintiff, DENNIS MURPHY, and is currently in the process of obtaining a divorce from Plaintiff.

6.  That at all times mentioned herein, Plaintiff, DENNIS MURPHY, was residing at the Veterans Affairs Medical Centers of Livermore, Palo Alto, and Menlo Park and was thus a resident of the Counties of San Mateo, Alameda, and Santa Clara, State of California.

7.  That at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants, consultants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency; that each and every Defendant was negligent in the selection, hiring, monitoring, and continued employment of each and every other Defendant as an agent, servant, employee, assistant, and consultant.

2

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE

8.     That Plaintiff incorporates by reference as though fully set forth at length herein all of the general allegations previously set forth in this Complaint.

9.     That on or about January 30, 2005, and prior thereto, and thereafter, Plaintiff, DENNIS MURPHY, consulted and engaged for compensation the services of Defendants, and each of them; at or about said time, Defendants, and each of them, undertook to examine, diagnose, prescribe medicine and drugs, and handle and control the care and treatment of the Plaintiff, DENNIS MURPHY's well being and perform the necessary tests, therapy and surgery for the treatment of said problem, if same were required.  Specifically, Plaintiff, DENNIS MURPHY, underwent and did receive surgery for an epidural abscess.

10.     That in the aforesaid examination, diagnosis, prescription of medicines and drugs, and handling and controlling of the care and treatment of Plaintiff, DENNIS MURPHY, Defendants, and each of them, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians, surgeons, hospitals, nurses, attendants, and the like, in the same or similar locality under similar circumstances as the said Defendants, and each of them.

11.     That with respect to the duties, responsibilities and liabilities of the Defendant, UNITED STATES OF AMERICA, Defendant negligently, or in some other actionable manner referred to hereinabove failed to comply with the applicable legal standard.

12.     That in the aforesaid handling and control of the care and treatment of Plaintiff, DENNIS MURPHY, Defendants, and each of them, negligently and tortiously failed to possess or exercise that degree of knowledge or skill that would ordinarily be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physical therapists and the like, engaged in said professions in the same locality as Defendants, and each of them, is that said Defendants, and each of them, negligently and unlawfully failed to properly and correctly diagnose, render care and treatment, to perform proper surgery on, prescribe and administer

3

medicine and drugs for the condition of the Plaintiff, DENNIS MURPHY. Specifically, the Veterans Affairs Medical Centers, Livermore, Palo Alto, and Menlo Park, failed to properly and promptly evaluate, examine, diagnose and treat an epidural abscess in his cervical spine. As a result, Plaintiff, DENNIS MURPHY, sustained permanent paraplegia.

13. That as a direct and legal result of the aforesaid acts or omissions of Defendants, and each of them, Plaintiff, DENNIS MURPHY, sustained serious and severe personal injuries and pain, including suffering, emotional distress, loss of comfort, society, support, consortium, and that said injures have caused, and will continue to cause Plaintiff to sustain pain, physical disability, disfigurement, mental and emotional anxiety and disruption of the nervous system, all to his general damages according to proof at the time of trial.

14. As a further direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff, DENNIS MURPHY, was compelled to and did employ the services of physicians, surgeons, nurses and the like, to handle and care for Plaintiff, DENNIS MURPHY, and did incur medical, professional and incidental expenses; that Plaintiff is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of his injuries incur additional like expenses for an indefinite period of time in the future; that Plaintiff will ask leave of court to amend this allegation once said amounts have been ascertained.

15. Plaintiff, DENNIS MURPHY, has suffered an economic loss not presently ascertainable to Plaintiff, who will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

///
///
///
///
///

4

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE

1    WHEREFORE, Plaintiff prays for judgment against Defendant, UNITED STATES

2  OF AMERICA, as follows:

3      1.    For general damages according to proof;

4      2.    For medical, hospital and related expenses incurred;

5      3.    For medical monitoring and related expenses;

6      4.    For economic damages according to proof;

7      5.    For costs of suit and reasonable attorney's fees incurred herein; and

8      6.    For such other and further relief as the Court may deem just and proper.

9

10  Dated:  December _____, 2006        **LOPEZ, HODES, RESTAINO,**

11                                   **MILMAN &**

12                                   **SKIKOS**

13

14                             By: _____

15                               Attorney for Plaintiff,

16                               DENNIS MURPHY

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE

Exhibit "1"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Office of the Regional Counsel (662/02) Department of Veterans Affairs Medical Center 4150 Clement Street, Building #210 San Francisco, CA 94121 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) MR. DENNIS ROBERT MURPHY c/o JEANNE ANNE STEFFIN, Attorney at Law 626 North Garfield Avenue Suite A Alhambra, CA 91801-1448 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10-26-50 | 5. MARITAL STATUS Separated | 6. DATE AND DAY OF ACCIDENT Ascertained approx. 2-3-2005 | 7. TIME (A.M, OR P.M.) N/A |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

**PLEASE SEE ATTACHMENT HERETO AND INCORPORATE HEREIN IN ITS ENTIRETY**

| 9. PROPERTY DAMAGE |
|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

*NOT APPLICABLE*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

*NOT APPLICABLE*

| 10. PERSONAL INJURY/WRONGFUL DEATH |
|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

**PLEASE SEE ATTACHMENT HERETO AND INCORPORATE HEREIN IN ITS ENTIRETY**

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| *STAFF* | VAMC LIVERMORE, CA and VAMC PALO ALTO, CA and VAMC MENLO PARK, CA |

| 12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE *NOT APPLICABLE* | 12b. PERSONAL INJURY $100,000,000.00 | 12c. WRONGFUL DEATH NOT APPLICABLE | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) DENNIS MURPHY | 13b. Phone number of signatory Telephone (626) 235-1173 | 14. DATE OF CLAIM 5-16-2006 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000; plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14:2



*Jeanne Anne Steffin*
ATTORNEY AT LAW

626 North Garfield Avenue, Suite A
Alhambra, CA 91801-1448
Telephone: (626) 235-1173 - Toll Free: (800) 771-5187 - Toll Free Fax: (888) 536-7833
e-mail: jsteffin@steffin.com

### ADMINISTRATIVE TORT CLAIM OF DENNIS MURPHY
### ATTACHMENT TO #8:

*Claimant sought medical care and treatment at VAMC Livermore, CA, VAMC Palo Alto, CA in approximately 2004 and continuing through present. Following a left BKA at VAMC Palo Alto, CA in approximately 8-2004, he started complaining of back pain which increased in severity over the next several months. On or about 1-30-2005, while at VAMC Livermore, CA, he complained of lower extremity numbness and weakness and urinary dysfunction, and documentation of numbness and weakness in both lower extremities was documented by VA. It was not until 2-2-05 that he was ultimately transferred for thoracic MRI and neurological workup to VAMC Palo Alto, CA and not until 2-3-2005 that he underwent surgery for epidural abscess. He remains T11 paraplegic referable to failure to properly and promptly diagnose and treat back pain referable to a neurological etiology. VA negligently failed to promptly and properly diagnose and treat his condition, negligently failed to promptly order and perform appropriate diagnostic testing and/or assess radiological findings and clinical evaluations and to refer the patient for consultation and treatment. VA was negligent in its recommendation and performance of care/monitoring/performance/transfer of patient for surgical intervention, and was negligent in failing to perform appropriate monitoring and diagnostic evaluation to identify and evaluate and treat the patient's complaints. VA negligently failed to provide the patient with full information/disclosure as to the differential diagnosis of his symptoms and complaints and condition, including a discussion of risks/benefits/options/referral for treatment, and thus, failed to provide informed consent. VA was negligent in its supervision of health care providers, and in its failure to supervise the medical and surgical care of the patient, which led directly to his injuries/damages/loss herein, including paralysis and neurological and other sequelae. VA failed to conform to the standard of medical and surgical care in the community, a standard of care to which it is held pursuant to the Federal Tort Claims Act.*

### ATTACHMENT TO #10:  PERSONAL INJURY

*As a direct and proximate result of VA negligence, claimant sustained injuries/damages/loss, both economic and non economic, including pain/suffering/emotional distress, loss of comfort/society/support/consortium.  He has anticipated medical costs/charges/and anticipated loss income to the community.  He sustained a T11 paraplegia, decubiti, and related sequelae, and is confined to a wheel chair. He will require aid and attendance, assistance in activities of daily living, and anticipates requiring future medical costs/charges/care.  His quality and enjoyment of life has been diminished, all as a direct consequence of the VA negligence.*

**DENNIS MURPHY**                                        5/16/86
                                                        **DATE**

Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), concerns the information requested in the letter to which this Notice is attached.
Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2071 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.
THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☒ No

Not applicable

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Not applicable

| 17. If deductible, state amount |
| --- |
| Not applicable |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not applicable

19. Do you carry public liability and property damage insurance?  ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☒ No

 applicable